Joseph A. **CRETELLA, as Administrator of the Goods, Chattels and Credits which were of Alfred Joseph Cretella, Deceased, et al., Plaintiffs,**

v.

**LOCKHEED SHIPBUILDING AND CONSTRUCTION CO., INC., and Walworth Co., Defendants,**

v.

**UNITED STATES of America, Third-Party Defendant.**

No. 73–897.

United States District Court,
E. D. New York.

Nov. 10, 1975.

Melvin S. Block, Brooklyn, N. Y., Arnold S. Goodstein, Goodstein & Jennings, Charleston, S. C., for plaintiffs.

Thomas E. Byrne, Jr., Krusen, Evans & Byrne, Philadelphia, Pa., Michael J. Kilcommons, Cowin, Kilcommons & Buglione, Brooklyn, N. Y., for defendant Walworth Co.

William G. Symmers, Symmers, Fish & Warner, New York City, for defendant Lockheed.

Terence P. Gargan, Admiralty & Shipping Section, Dept. of Justice, New York City, for third party defendant.

COSTANTINO, District Judge.

This case involves five wrongful death and three personal injury actions resulting from an explosion of a valve in a United States Navy vessel. The issue presented here is whether the entire case, or simply the personal injury actions, should be submitted to the jury. After a review of relevant authorities, this court concludes that the entire case should be submitted to the jury.

In *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 577, 94 S.Ct. 806, 811, 39 L.Ed.2d 9 (1974), the Court stated that *Moragne v. States Marine Lines*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970) created "a uniform federal cause of action for maritime death." Although the law is unsettled, the policy considerations discussed in *Moragne* and *Gaudet* appear to favor the position that the Death on the High Seas Act is no longer to be considered an exclusive remedy. Specifically, *Moragne* and *Gau-*

*det* reflect dissatisfaction with any rule that illogically and unjustifiably deprives dependents of adequate remedies for their losses, *Gaudet* 414 U.S. at 576, 94 S.Ct. 806. The more liberal recovery which would be permitted here under a federal non-statutory cause of action for maritime death would be more in keeping with this policy to allow adequate recovery.

There is an additional objective served by trying the entire case to the jury. Since the facts relating to liability appear to be closely related in the wrongful death and personal injury cases, submission of only the personal injury cases to the jury may cause some misunderstanding on the part of the jury as to the reason for the bifurcated treatment of the claims. The safer course is to give the entire case to the jury for consideration.

This decision to submit the entire case to the jury is consistent with the Supreme Court's decision expressed in *Moragne* to defer resolving the relationship between the Death on the High Seas Act and general maritime law pending further sifting in the lower federal courts in future litigation. *Moragne*, 398 U.S. at 408, 90 S.Ct. 1772.